This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NEW MEXICO CORRECTIONS DEPARTMENT,**

Plaintiff-Appellant,

v.                                                    NO. 30,201

**JESSE CHAVEZ,**

Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

N.M. Department of Corrections
Carlos Elizondo
Santa Fe, NM

for Appellee

David C. Chavez
Los Lunas, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Appellant New Mexico Department of Corrections is appealing from a district court order addressing the calculation of back benefits based on an earlier ruling that

reversed the New Mexico State Personnel Board, reinstating Appellee to his position at the Department. We issued a calendar notice proposing to hold that the district court erred in reaching this issue prior to the exhaustion of the administrative procedures that govern the calculation of back pay. Appellee has responded with a memorandum in opposition. Not persuaded, we reverse the district court.

On appeal, the Department is challenging the district court's authority to act as a fact finder during the course of the agency's administrative calculation of benefits. Our calendar notice proposed to agree with the Department that the district court was required to act in its appellate capacity. *See* Rule 1-074 NMRA; NMSA 1978, § 39-3-1.1(C) (1999). In engaging in fact finding and calculating benefits, we believe that the district court exceeded its authority as an appellate court. *See Cadena v. Bernalillo County Bd. of County Comm'rs*, 2006-NMCA-036, 139 N.M. 300, 131 P.3d 687 (holding that in such proceedings the district court acts outside its role as an appellate court when it engages in fact finding); *see also* 1.7.12.23(B) NMAC (setting forth procedure for Board to calculate back pay).

In his memorandum in opposition, Appellee argues that the district court made a legal ruling. However, this legal ruling - that the Department was not entitled to an offset - was accompanied by a specific monetary amount that is inherently factual. To the extent that the ruling involves a pure issue of law, we believe that this is

2

premature, because the agency has yet to complete its calculation of benefits. "Under the exhaustion of administrative remedies doctrine, where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *US W. Commc'ns, Inc. v. N.M. State Corp. Comm'n*, 1998-NMSC-032, ¶ 9, 125 N.M. 798, 965 P.2d 917 (alteration in original) (internal quotation marks and citation omitted). Accordingly, we reverse the district court.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**MICHAEL E. VIGIL, Judge**